1 David W. Evans (Bar No. 79466)
  devans@hbblaw.com
2 Howard M. Garfield (Bar No. 43369)
  hgarfield@hbblaw.com
3 Renata L. Hoddinott (Bar No. 251714)
  rhoddinott@hbblaw.com
4 HAIGHT BROWN & BONESTEEL LLP
  Three Embarcadero Center, Suite 200
5 San Francisco, California 94111
  Telephone: 415.546.7500
6 Facsimile:  415.546.7505

7 Attorneys for Defendant CONSUMER
  BENEFITS OF AMERICA

8

9                    UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

11

| 12 | MOHAMMED AZAD and DANIELLE BUCKLEY, on behalf of themselves and all others similarly situated, | Case No. 4:17-cv-00618-PJH |
|---|---|---|
| 13 | | **DEFENDANT CONSUMER BENEFITS OF AMERICA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 14 | Plaintiffs, | |
| 15 | v. | |
| 16 | TOKIO MARINE HCC - MEDICAL INSURANCE SERVICES GROUP, HEALTH INSURANCE INNOVATIONS, INC., HCC LIFE INSURANCE COMPANY, and CONSUMER BENEFITS OF AMERICA, | *[Filed concurrently with [Proposed] Order]* |
| 17 | | |
| 18 | | Date:       May 24, 2017<br>Time:       9:00 a.m.<br>Courtroom:  3 |
| 19 | Defendants. | |

20

21

22    **TO ALL PARTIES HEREIN AND THEIR RESPECTIVE COUNSEL**

23 **OF RECORD:**

24    **PLEASE TAKE NOTICE** that on May 24, 2017, at 9:00 a.m. in Courtroom

25 3, of the above-entitled Court located at 1301 Clay Street, Oakland, California

26 94612, Defendant CONSUMER BENEFITS OF AMERICA ("CBA") will and

27 hereby does move for an order dismissing Plaintiffs MOHAMMED AZAD and

28 DANIELLE BUCKLEY's ("Plaintiffs") Class Action Complaint, without leave to

CB25-0000001
12266470.1

1

Case No. 4:17-cv-00618-PJH
DEFENDANT CONSUMER BENEFITS OF
AMERICA'S NOTICE OF MOTION AND
MOTION TO DISMISS

1  amend, for failure to state a claim upon which relief can be granted pursuant to Rule
2  12(b)(6).
3        This Motion is made on the ground that Plaintiffs do not make a single
4  allegation of wrongdoing by CBA in the entirety of the Class Action Complaint and
5  thus do not state a claim against CBA upon which relief can be granted. This
6  Motion will be based upon this Notice, the Memorandum of Points and Authorities
7  set forth below, and such evidence and argument as may be presented at the hearing
8  on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

11        Plaintiffs filed their Class Action Complaint on February 7, 2017, alleging claims
12  for relief for: (1) Violation of the California Unfair Competition Law, Cal. *Bus. & Prof.*
13  *Code* §17200, *et seq*; (2) Violation of the California False Advertising Law, Cal. *Bus. &*
14  *Prof. Code* §17500, *et seq.*; (3) Breach of Contract; (4) Breach of the Implied Duty of
15  Good Faith and Fair Dealing; and (5) Unjust Enrichment. Plaintiffs' Class Action
16  Complaint states explicitly that CBA merely "[offers] discount services and benefits to
17  group members." (*See* Plaintiffs' Complaint, ¶ 7). As set forth more fully below, CBA
18  did not issue, advertise, market, sell, administer, or in any way otherwise engage in any
19  activity relating to the provision of health insurance or the adjustment or denial of health
20  insurance claims relating to Plaintiffs or any other of the purported Class Members
21  involved in this litigation.

### II.   STATEMENT OF RELEVANT FACTS

23        Plaintiffs' claim centers on the advertising and marketing of short term health
24  insurance policies to individuals as well as the adjustment and handling of claims relating
25  to that insurance. Specifically, Plaintiffs state the nature of their class action is to
26  "challenge a common course of conduct by Defendants in their marketing and issuance of
27  health insurance policies, and their claims processing, administration, customer service
28  thereunder." (*See* Plaintiffs' Class Action Complaint, ¶ 2). Plaintiffs go on to state in their

CB25-0000001
12266470.1

2

Case No. 4:17-cv-00618-PJH
DEFENDANT CONSUMER BENEFITS OF
AMERICA'S NOTICE OF MOTION AND
MOTION TO DISMISS

Class Action Complaint, "Defendants issue, market, and administer healthcare policies … [and] Defendants market the policies in a misleading manner." (*See* Plaintiffs' Class Action Complaint, ¶ 3).

Plaintiffs do not, however, set forth any allegations that CBA ever issued or marketed health insurance policies or was involved in claims processing, administration, or customer service. In fact, the only references in Plaintiffs' Class Action Complaint relating to CBA are set forth in paragraphs 7, 18, and 57. Those paragraphs state as follows:

> Defendant Consumer Benefits of America ("CBA") claims to offer discount services and benefits to group members, and has its principal place of business at 3190 Union Street, Lakewood, Colorado 80215.

(*See* Plaintiffs' Class Action Complaint, ¶ 7).

> Defendant CBA purports to be an organization devoted to "providing quality discount services and benefits to its members for 30 Years (*sic*). … CBA utilizes group buying power to negotiate the best services and prices for you, our members." CBA's website states that not only is it "committed to saving members money on everyday items like restaurants and move tickets," it can also "help you protect yourself and your family in the event an accidental injury should happen." However, the "benefits" listed on the website relate only to legal care, online dining certificates, online fitness and nutrition, movie ticket savings, theme park discounts, discount tires and rims, budget truck rental, discount magazines, and a quarterly online newsletter."

(*See* Plaintiffs' Class Action Complaint, ¶ 18). (Internal citations omitted.).

> Finally, in yet another effort to insulate their unlawful and unfair conduct from the full reach of the law, Defendants work with CBA in providing short-term insurance plans to consumers. HCC's application form instructs the applicant that the insurance sought is "issued to the Consumer Benefits of America Association and underwritten by HCC Life Insurance Company." This is because HCC wishes to sell its insurance

CB25-0000001
12266470.1

3

Case No. 4:17-cv-00618-PJH
DEFENDANT CONSUMER BENEFITS OF
AMERICA'S NOTICE OF MOTION AND
MOTION TO DISMISS

> product as a group product, instead of an individual product subject to more stringent consumer protection regulation. CBA charges dues of $12 a month, and has no meaningful membership restrictions.

(See Plaintiffs' Class Action Complaint, ¶ 57).

## III. ARGUMENT

### A. Plaintiffs Cannot State a Claim Against CBA

A motion to dismiss under F. R. Civ. P. 12(b)(6) motion tests the legal sufficiency of the claims stated in a complaint. Dismissal of a claim pursuant to Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department* (9th Cir. 1990) 901 F.2d 696, 699. A complaint survives a motion to dismiss only if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 570.

Other than the three set forth in full above, there are no other references to CBA in the entirety of Plaintiffs' 30-page and 146 paragraph pleading. Further, of the three references to CBA outlined above, none of those references sets forth any charging allegations identifying the acts or omissions allegedly made or omitted to be made by CBA to support Plaintiffs' claims for relief against it. There are no allegations setting forth any alleged wrongdoing on the part of CBA in Plaintiff's entire Class Action Complaint.

Simply put, Plaintiffs do not state a claim against CBA. Accordingly, Plaintiffs have not stated any of the claims set forth in their Class Action Complaint for relief against CBA and CBA's Motion to Dismiss pursuant to Rule 12(b)(6) should be granted.

#### 1. Plaintiffs Cannot State a Claim Against CBA for Violation of California *Business & Professions* Code §17200, *et seq.*

To succeed on a claim under California *Business & Professions Code* 17200 ("UCL"), a party must show that the defendant engaged in business practices that were: (1) unlawful, (2) fraudulent, or (3) unfair. The "unlawful" prong borrows violations from

CB25-0000001
12266470.1

4

Case No. 4:17-cv-00618-PJH
DEFENDANT CONSUMER BENEFITS OF
AMERICA'S NOTICE OF MOTION AND
MOTION TO DISMISS

other laws and makes them independently actionable. *Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163, 180.

To establish "fraudulent" conduct, a defendant must be engaged in conduct likely to deceive a reasonable consumer. *In re Tobacco II Cases* (2009) 46 Cal.4th 298, 312 (explaining it is necessary to show that "members of the public are likely to be deceived"); *Consumer Advocates v. Echostar Satellite Corp.* (2003) 113 Cal.App.4th 1351, 1360 ("[U]nless the advertisements targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer").

Plaintiffs make no allegations of fraud against CBA. Under the Federal Rules of Civil Procedure, "[i]n alleging fraud ..., a party must state with particularity the circumstances constituting fraud.... Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." See F.R.C.P., Rule 9(b). "Under Rule 9(b), the complaint must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud." *Rubke v. Capitol Bancorp* (N.D. Cal. 2006) 2006 U.S. Dist. LEXIS 4374 at *10. Moreover, "[b]ecause the plaintiff must set forth what is false or misleading about a particular statement, he must do more than simply allege the neutral facts necessary to identify the transaction; he must also explain why the disputed statement was untrue or misleading at the time it was made." *Id.*

Finally, there are generally two tests for establishing unfair conduct. The first: to prove defendant engaged in "unfair" business practices, plaintiff must established that defendant's conduct "'offends an established public policy or . . . [was] immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Smith v. State Farm Mutual Automobile Ins., Co.* (2001) 93 Cal.App.4th 700, 719. The second test: whether the conduct violates constitutional, statutory or regulatory provisions. *Bardin v. DaimlerChrysler Corp.* (2006) 136 Cal.App.4th 1255, 1272-73.

Here, Plaintiffs' claim for relief against CBA and other defendants is predicated on an alleged violation of California *Insurance Code* § 332. (*See* Plaintiffs' Class Action Complaint, ¶ 94). As stated, however, CBA is not an insurance company and Plaintiffs make no allegation asserting it is. Accordingly, Plaintiffs' Class Action Complaint does not and cannot set forth any allegations against CBA for violation of *Insurance Code* § 332 or any other statute relating to any alleged conduct relating to the issuance or administration of health insurance contracts or administration of claims when CBA is not an insurer and did not advertise, market, issue, or administer in any way the group health insurance program offered by HCC to CBA's members at issue in this action. Plaintiffs also have not and cannot set forth any allegations that any conduct by CBA was fraudulent or unfair as defined by the parameters set forth above. Accordingly, Plaintiffs' claim for relief pursuant to *Business & Professions Code* §17200 *et seq.* fails against CBA and CBA's motion to dismiss should be granted without leave to amend.

### 2. Plaintiffs Cannot State a Claim Against CBA for Violation of California *Business & Professions Code* §17500, *et seq.*

California *Business and Professions Code* §17500 makes it unlawful for a person or entity to make certain false or misleading statements in the sale of real or personal property or services. Specifically, *Business and Professions Code* §17500 provides, in relevant part:

> It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, **to make or disseminate or cause to be made or disseminated** before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, **any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care

> **should be known, to be untrue or misleading,** or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised. (Emphasis added.)

Given that Section 17500 involves false advertising, logically the first element of establishing a violation of Section 17500 is identifying the alleged advertisement which is "untrue or misleading." Here, however, Plaintiffs put forth no allegations CBA ever advertised or marketed in any way the group health insurance program offered by HCC to CBA's members. Without an advertisement of any kind, Plaintiffs have not and cannot establish a claim for relief for an alleged violation of Section 17500 and this motion to dismiss should be granted without leave to amend.

### 3. Plaintiffs Cannot State a Claim Against CBA for Breach of Contract

A claim for Breach of Contract requires a showing that: (1) there was a contract; (2) plaintiff performed or was excused; (3) defendant breached the contract; and (4) the plaintiff was harmed. *Careau v. Security Pacific* (1990) 222 Cal.App.3d 1371. A contract is an agreement to do or not to do a certain thing. California *Civil Code* § 1549.

The only contracts plead in Plaintiffs' Class Action Complaint are the health insurance policies issued to Plaintiffs by HCC. Specifically, Plaintiffs' Class Action Complaint alleges, "[t]he policies that Defendants sold Plaintiffs, combined with the timely payment of premiums amounted to legally enforceable promises and obligations owed via contract." (*See* Plaintiffs' Class Action Complaint, ¶ 118). In California, insurance policies are treated as contracts. *Solomon v. Union Oil of California* (1940) 16 Cal.2d 229, 237; California *Insurance Code* § 22.

There are no allegations in the Class Action Complaint, however, identifying any contract between Plaintiffs and CBA. Plaintiffs cannot state a claim for breach of contract against CBA if CBA was never a party to any contract with Plaintiffs. Accordingly,

CB25-0000001
12266470.1

7

Case No. 4:17-cv-00618-PJH
DEFENDANT CONSUMER BENEFITS OF
AMERICA'S NOTICE OF MOTION AND
MOTION TO DISMISS

Plaintiffs' third claim for relief against CBA fails and the instant motion to dismiss should be granted without leave to amend.

### 4. Plaintiffs Cannot State a Claim Against CBA for Breach of the Implied Covenant of Good Faith and Fair Dealing

A claim of Breach of the Implied Covenant of Good Faith or Fair Dealing arising out of an insurance contract has two requirements: (1) benefits due under the policy are withheld; and (2) the reason for withholding benefits must have been unreasonable. *Love v. Fire Insurance Exchange* (1990) 221 Cal.App.3d 1136, 1151-52. In *Waller v. Truck Ins. Exchange* (1995) 11 Cal.4th 1, the California Supreme Court agreed that there is no cause of action for breach of the covenant of good faith and fair dealing if the insured is owed no duties under the contract – the covenant is based on the contractual relationship and only implied as a supplement to the express contractual covenants. *Id.* at 36. Plaintiffs' Class Action Complaint describes their claim against Defendants as follows; "Defendants unreasonably denied Plaintiffs coverage for care that was covered under their insurance policies." (*See* Plaintiffs' Class Action Complaint, ¶ 130).

Here, however, as has been reiterated throughout this motion, CBA was not Plaintiffs' insurer and was not a party to the health insurance contracts between Plaintiffs and HCC. There are no allegations in the entirety of Plaintiffs' Class Action Complaint to the contrary. Because CBA was not a party to any of the health insurance contracts set forth in Plaintiffs' Class Action Complaint, it cannot be found to have violated them or to have breached the implied covenant of good faith and fair dealing in them, as a matter of law. It is axiomatic there can be no liability for breach of the implied covenant of good faith and fair dealing in the absence of a breach of contract. As Plaintiffs have not and cannot state a claim for breach of contract against CBA, so too their claim for relief for Breach of the Implied Covenant of Good Faith and Fair Dealing fails and this motion should be granted without leave to amend.

/ / /

/ / /

### 5. Plaintiffs Cannot State a Claim Against CBA for Unjust Enrichment

Plaintiffs' fifth claim for relief for Unjust Enrichment is pleaded as an "alternative to their claim for restitution under the UCL." (*See* Plaintiffs' Class Action Complaint, ¶ 142). Plaintiffs specifically claim that,

> Through their deceptive and unlawful actions, Defendants have received monies from Plaintiffs and the Class Members that they should not have, **in the form of higher premiums and greater revenues** than they would have enjoyed had they acted lawfully. In addition, **they were spared from spending money they would have otherwise spent** that Plaintiffs had to pay out of pocket.

(*See* Plaintiffs' Class Action Complaint, ¶ 143). (Emphasis added.)

"Unjust enrichment is not a cause of action, ... or even a remedy, but rather 'a general principle, underlying various legal doctrines and remedies.' It is synonymous with restitution." *Bank of N.Y. Mellon v. Citibank, N.A.* (2017) 8 Cal. App. 5th 935, 955. The person or entity receiving the benefit is required to make restitution only if the circumstances are such that, as between the two, it is unjust for the person or entity to retain it. *See Meister v. Mensinger*, (2014) 230 Cal. App. 4th 381, 398.

Here, Plaintiffs have set forth no allegations CBA ever received any premiums for the health insurance products purchased by Plaintiffs from HCC. Accordingly, CBA was not the recipient of any benefit from Plaintiffs relating to their health insurance claims. Plaintiffs have not and cannot allege any facts to support their claim for Unjust Enrichment against CBA. Plaintiffs claim for relief further fails as there is no such cognizable cause of action in California. Based on the foregoing, this motion to dismiss should be granted in favor of CBA without leave to amend.

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Based on the foregoing, CBA has not and cannot allege any facts to support any of its claims for relief against CBA. Accordingly, CBA respectfully requests that the Court dismiss the instant action against CBA without leave to amend.

Respectfully submitted,

Dated: April 14, 2017

HAIGHT BROWN & BONESTEEL LLP

By:    /s/
David W. Evans
Howard M. Garfield
Renata L. Hoddinott
Attorneys for Defendant CONSUMER BENEFITS OF AMERICA

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

*Azad, et al. v. Tokio Marine HCC-Medical Insurance Services Group, et al.*
USDC-Northern District Case No. 4:17-cv-00618-PJH

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is Three Embarcadero Center, Suite 200, San Francisco, CA 94111.

On April 14, 2017, I served true copies of the following document(s) described as:

**DEFENDANT CONSUMER BENEFITS OF AMERICA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[X] **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 14, 2017, at San Francisco, California.

*Paula M. Johnson*
Paula M. Johnson

CB25-0000001
12240906.1                                                1