GERARD G. PECHT *(Admitted Pro Hac Vice)*
gerard.pecht@nortonrosefulbright.com
SUMERA KHAN *(Admitted Pro Hac Vice)*
sumera.khan@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:	(713) 651-5151
Facsimile:	(713) 651-5246

M. SCOTT INCERTO *(Admitted Pro Hac Vice)*
scott.incerto@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas  78701-4255
Telephone:	(512) 474-5201
Facsimile:	(512) 536-4598

JOSHUA D. LICHTMAN (SBN 176143)
joshua.lichtman@nortonrosefulbright.com
MICHELLE L. MELLO (SBN 288081)
michelle.mello@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street, Forty-First Floor
Los Angeles, California  90071
Telephone:	(213) 892-9200
Facsimile:	(213) 892-9494

Attorneys for Defendants
HCC LIFE INSURANCE COMPANY and HCC
MEDICAL INSURANCE SERVICES, LLC
(*erroneously sued as* TOKIO MARINE HCC –
MEDICAL INSURANCE SERVICES GROUP)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| MOHAMMED AZAD and DANIELLE BUCKLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOKIO MARINE HCC – MEDICAL INSURANCE SERVICES GROUP, HEALTH INSURANCE INNOVATIONS, INC., HCC LIFE INSURANCE COMPANY, and CONSUMER BENEFITS OF AMERICA,<br><br>Defendants. | Case No.:  4:17-cv-00618-PJH<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF RULE 12 MOTIONS**<br><br>Date:  TBD<br>Time:  TBD<br>Ctrm : 3<br><br>Complaint Filed:  February 7, 2017 |

Document Prepared on Recycled Paper

Case No.:  4:17-cv-00618-PJH
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF RULE 12 MOTIONS

## I. Introduction

Plaintiffs agree that courts in this District apply a two-part test to evaluate whether to stay discovery pending the resolution of a motion to dismiss, in that courts assess whether the motion (1) is potentially dispositive of the case; and (2) can be decided without additional discovery. (Opposition Brief ("Opp. Br.") at 1, 4-5.)  Plaintiffs also agree that Defendants need only show that there is "an immediate and clear *possibility*" that they will prevail on their dispositive Motions.  (*See id.* at 1, 4 (emphasis added).)  In turn, Plaintiffs must and do concede that discovery stays are warranted under appropriate circumstances.[1]  This is such a case.

Regarding the first factor, Plaintiffs do not dispute that Defendants' Motions are case-dispositive.  Instead, Plaintiffs make a frontal attack on the potential success of the Motions that wholly misses the mark.  In the many pages of argument directed to the Motions, Plaintiffs refer to no specific factual allegations based on Plaintiffs' own experiences that refute any of the points raised in the Motions.  Instead, they rely on broad and conclusory allegations that are untethered to Plaintiffs' own experiences.  This tactic shows the weakness of Plaintiffs' pleaded claims and, conversely, that granting of Defendants' Motions is far more than a "possibility."

As for the second factor, Plaintiffs concede that no discovery is necessary to adjudicate the pending Motions.  While they generally oppose a stay and request discovery, they do not identify any discovery they claim to need *to respond to the Motions*.  They do not and cannot contest that the factual bases for the Motions are taken directly from the Complaint's allegations and the documents incorporated by reference therein.

Because both parts of the two-part test are satisfied, the Court should grant the limited stay of discovery.  Further, the requested stay would best serve the proportionality interests

---

[1] Plaintiffs' citation to various procedurally and factually inapposite cases in which discovery stays were not granted illustrates that a case-by-case inquiry is required.  For example, *Baker* denied a motion to stay discovery in part because plaintiffs amended their complaint after defendants filed motions to dismiss and stay, such that, unlike here, "no motions to dismiss [were] pending."  *See Baker v. Ark. Blue Cross*, No. C-08-03974 SBA (EDL), 2009 WL 904150, at *1 (N.D. Cal. Mar. 31, 2009).  In another example, *Skellerup,* because only one of two defendants moved to dismiss, granting that motion "would not result in the termination of th[e] action."  *Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 601 (C.D. Cal. 1995).  By contrast, all Defendants in this case have filed dispositive motions.

DOCUMENT PREPARED ON RECYCLED PAPER

Case No.:  4:17-cv-00618-PJH
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF RULE 12 MOTIONS

defined in the recently amended Rule 26(b)(1) of the Federal Rules of Civil Procedure, especially when no urgent need for discovery to begin has been demonstrated.

## II.  Argument

### A.  Defendants' Motions Will Dispose of the Entire Case And Have An Immediate, Clear Possibility of Being Granted

Plaintiffs do not dispute that their claims are based on two purported theories of misconduct: (1) that Defendants falsely advertised/misrepresented the short-term medical ("STM") product's preexisting conditions exclusion; and (2) that Defendants employed (and misrepresented they engaged in) improper claims-handling practices.  Plaintiffs' Opposition highlights that the Complaint does not adequately state any claims for relief under either theory, given that it relies on sweeping conclusions untethered to the actual specific factual allegations.

First, while Plaintiffs do not dispute that their false advertising/misrepresentation theory as stated in the Complaint relies entirely on the contents of a single "exemplar" brochure (when read in conjunction with the STM application), Plaintiffs' Opposition neither mentions the brochure, nor addresses a fundamental flaw in the Complaint: that neither named Plaintiff alleged they saw or relied on that brochure.  Instead, Plaintiffs merely conclude, citing no supporting allegations, that they have "clearly and adequately alleged" claims under this theory, and that Defendants' contrary position creates a "quintessential factual issue." (Opp. Br. at 5.)  Not so. Plaintiffs do not and cannot contest the well-established Ninth Circuit authority cited in Defendants' Motions (*see* Docket No. 48 at 10) holding that a court need not credit conclusory allegations, and instead may assume as true the contents of documents incorporated by reference in a complaint rather than contrary allegations. (Docket No. 48 at 10.)  Here, Plaintiffs' position is belied by numerous materials that were available on the HCC website incorporated by reference in the Complaint, which expressly and repeatedly disclosed the preexisting conditions exclusion; including: (1) the general STM product description webpage; (2) the California STM product description webpage; and (3) the STM policy Certificate.  (Docket No. 48 at 4-6.) Moreover, allegations regarding the named Plaintiffs' individual purchases reflect that each received multiple additional disclosures.  (*Id.* at 6-8.)  For Azad, the exclusion was also disclosed

on (1) the STM application he alleged completing; (2) the broker website he alleged visiting; (3) the verification telephone call he alleged joining; and (4) a video linked through the coverage confirmation email he alleged receiving. (*Id.* at 6-7.) As for Buckley, the fulfillment package she received in connection with her husband's purchase expressly disclosed the exclusion twice. (*Id.* at 8.) Notably, Plaintiffs do not dispute the existence of any of these disclosures. The Court need not accept Plaintiffs' bare and conclusory allegations as true in the face of these extensive consumer-facing materials, which show as a matter of law that neither Plaintiffs, nor any reasonable consumer, could have been misled. At bottom, Plaintiffs have not (and cannot) state any claims under this theory, and Defendants have shown that there is far more than a possibility that the Complaint will be dismissed on this ground.

Plaintiffs' second theory of improper claims-handling fares no better. Plaintiffs' assertion that their causes of action based on this theory will survive because Defendants demanded "'all medical records, provider notes, and labs' from Plaintiffs despite the irrelevance of those records" (*see* Opp. Br. at 6) is neither supported by the Complaint's allegations nor documents incorporated by reference therein. With respect to Azad, HCC's records requests were directed merely to two medical providers in connection with the claims at issue. (*See* Docket No. 48 at 9.) As for Buckley, the Complaint alleges that HCC requested records only from her primary care physician and the urgent care facility where she was treated for the claims at issue. (*Id.*) Plaintiffs do not identify any other medical providers to whom HCC sent records requests, or explain why HCC's requests were anything but reasonable. Given that the Complaint establishes that neither of the named Plaintiff's claims was improperly handled, delayed, or denied,[2] Plaintiffs attempt to salvage their theory by pointing generally to a purported "whistleblower contractor's" opinion regarding Defendants' "acts of obstruction and bad faith." (Opp. Br. at 6.) But there are no facts or non-conclusory allegations tethering this individual's purported opinion to how *Azad and Buckley's* claims were handled and, indeed, none of the purported misconduct

---

[2] Plaintiffs do not dispute that (1) HCC did not receive medical records necessary to adjudicate Plaintiffs' claims; (2) HCC did not deny Plaintiffs' claims, instead merely abating them pending receipt of the requisite records; and (3) HCC is not required to pay a claim when it has not received sufficient records or information for a proper evaluation. (*See* Docket No. 63 at 4.)

28266594.1 - 3 - Case No.: 4:17-cv-00618-PJH
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF RULE 12 MOTIONS

1   attributed by the purported whistleblower is alleged to have occurred in connection with either of
2   the named Plaintiffs' claims.  For example, based on the purported whistleblower's opinion, the
3   Complaint alleges that customer service representatives acted to "deceive, delay and obstruct
4   policyholders," and "discouraged" claimants from pursuing claims by "emphasizing the
5   expansive scope of the policies' preexisting conditions exclusion." (*See* Docket No. 1 at ¶¶ 58-
6   67).[3]  However, Azad and Buckley do not dispute that neither of them alleged any facts to
7   indicate HCC's representatives discouraged or obstructed them from pursuing their claims and,
8   indeed, each has pursued their claims.  Accordingly, causes of action asserted under Plaintiffs'
9   claims-handling theory are also subject to dismissal.

### B.      Defendants' Motions Can Be Decided Without Discovery

The second part of the test—whether the Motions can be decided without additional discovery—is plainly satisfied, as Plaintiffs do not identify any discovery necessary to adjudicate the pending motions.  Instead, they only argue that Defendants' assertions "will require discovery" at some point and Plaintiffs "need to move forward." (Opp. Br. at 1, 7.)  That is not the standard.  *See, e.g., Pettit v. Pulte Mortg., LLC*, No. 2:11-cv-00149-GMN-PAL, 2011 WL 5546422, at *6 (D. Nev. Nov. 14, 2011) (granting motion to stay discovery in part because, in opposing the motion, plaintiff did "not claim that discovery [wa]s needed to respond to the pending dispositive motion").

While Plaintiffs argue that the Motions paint a "one-sided record" (*see* Opp. Br. at 7), they do not contest that the facts are derived entirely from their own allegations and the very documents that they reference.  Nor do Plaintiffs contest that under the well-established incorporation by reference doctrine, courts properly consider these documents in deciding motions to dismiss. (*See* Docket No. 48 at 10-11.)[4]

Clearly, Plaintiffs intend to use the discovery process not to confirm details or narrow and clarify the issues in dispute, but rather to determine what acts, if any, a defendant may have

---

[3] Notably, there are no allegations even tying the whistleblower to any purported activities by HCC in California.

[4] The declarations included with the Motions merely establish the authenticity of the documents, which is one of the elements of the incorporation by reference doctrine.  Not surprisingly, Plaintiffs do not contest the authenticity of any of the referenced documents.

DOCUMENT PREPARED ON RECYCLED PAPER

undertaken in order to fall within Plaintiffs' theories of the case.[5] But the time for crafted discovery is *after* a complaint asserts well-pleaded causes of action against a specific defendant, not before. "[I]f the allegations of the complaint fail to establish the requisite elements of the cause[s] of action . . . requiring costly and time consuming discovery . . . would represent an abdication of [] judicial responsibility," and "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (internal quotation marks omitted). In turn, the purpose of Rule 12(b)(6) motions "is to enable defendants to challenge the legal sufficiency of complaints *without subjecting themselves to discovery*." (*Id.* (emphasis added).)

### C. Permitting Discovery to Proceed Would Be Disproportionate Under Rule 26(b)(1), and Plaintiffs Will Not Suffer Any Prejudice From a Brief Stay

While discovery proportionality has deep roots within the Federal Rules of Civil Procedure, its import has shifted throughout time until the most recent amendments "restore[d] the proportionality factors to their original place in defining the scope of discovery." Fed. R. Civ. P. 26 Advisory Committee's Note (2015). This renewed emphasis reinforces the "collective responsibility" of all parties and the court "to consider the proportionality of all discovery," and fits hand-in-glove with Rule 1's directive to construe, administer, and employ all Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.*; Fed. R. Civ. P. 1. In turn, courts properly consider proportionality when determining whether a stay of discovery is warranted pending a dispositive motion. *See, e.g.*, *Pettit*, 2011 WL 5546422, at *5-6.

Plaintiffs concede that the amendments place great emphasis on efficiency. (Opp. Br. at 9.) But "efficiency" need not—and should not—be singularly construed as requiring early and immediate discovery. Indeed, "efficiency" must also include conservation of resources, time, and costs until this Court establishes what (if anything) is at stake. Plaintiffs seek no discovery that they claim is necessary for the pending dispositive Motions. Instead, they point to Defendants'

---

[5] It is impossible to discern from the allegations which acts or omissions Plaintiffs seek to assert against HII or CBA, and neither HII nor CBA should have to engage in potentially costly discovery without any plausible allegations of wrongdoing stated against them.

1 possession of "centralized scripts and marketing materials" and "uniformly-applied claims processing policies." (Opp. Br. at 9.) These are materials that relate to class certification and not whether the named Plaintiffs have alleged causes of action that can withstand a motion to dismiss. Thus, the discovery Plaintiffs seek puts the cart before the horse. They want discovery regarding claims that will not survive dismissal, for a class that has not been certified. Adjudicating the Motions before embarking on this type of discovery is the most proportionate and efficient outcome.

Finally, Plaintiffs will suffer no prejudice from the requested discovery stay, which would be limited and brief, consisting only of the period from May 25, 2017—the last day by which the parties may hold a Rule 26(f) conference—until the Court decides the Motions set for hearing on June 14, 2017. Plaintiffs' attempt to manufacture urgency by suggesting that there is "ongoing" harm is not well-taken, given that both Azad and Buckley's STM policies have long expired, [6] and neither Plaintiff contends that they have other claims that have not been paid.[7] (*See* Opp. Br. at 1.) Plaintiffs concede that this case is not one in which documents or evidence may become unavailable. Nor do Plaintiffs dispute that all parties would benefit from further clarification as to what claims (if any) are properly at issue before the parties and Court attempt to assess the proper scope of discovery. The burden and expense of discovery at this juncture is indisputably outweighed by any likely benefit.

**III.  Conclusion**

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to stay all discovery pending resolution of Defendants' Motions.

//
//
//
//

---

[6] *See* Docket No. 1 at ¶¶ 28, 37.
[7] Buckley, whose claim for $3,500 was well below her $7,500 deductible, had no right to any payment and, thus, suffered no damage from HCC's alleged nonpayment. (*See* Docket No. 48 at 23.)

| | |
|---|---|
| Dated: May 3, 2017 | GERARD G. PECHT<br>SUMERA KHAN<br>M. SCOTT INCERTO<br>JOSHUA D. LICHTMAN<br>MICHELLE L. MELLO<br>**NORTON ROSE FULBRIGHT US LLP**<br><br>By  /s/ Joshua D. Lichtman<br>  JOSHUA D. LICHTMAN<br>  Attorneys for Defendants<br>  HCC LIFE INSURANCE COMPANY and HCC<br>  MEDICAL INSURANCE SERVICES, LLC<br>  (*erroneously sued as* TOKIO MARINE HCC –<br>  MEDICAL INSURANCE SERVICES GROUP) |
| Dated: May 3, 2017 | GARRY W. O'DONNELL<br>**GREENSPOON MARDER, P.A.**<br><br>By  /s/ Garry W. O'Donnell<br>  GARRY W. O'DONNELL<br>  Attorneys for Defendant<br>  HEALTH INSURANCE INNOVATIONS, INC. |
| Dated: May 3, 2017 | DANIEL J. HERLING<br>**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**<br><br>By  /s/ Daniel J. Herling<br>  DANIEL J. HERLING<br>  Attorneys for Defendant<br>  HEALTH INSURANCE INNOVATIONS, INC. |
| Dated: May 3, 2017 | HOWARD M. GARFIELD<br>**HAIGHT BROWN & BONESTEEL LLP**<br><br>By  /s/ Howard M. Garfield<br>  HOWARD M. GARFIELD<br>  Attorneys for Defendant<br>  CONSUMER BENEFITS OF AMERICA |

ATTESTATION REGARDING SIGNATURES

I, Joshua D. Lichtman, attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  May 3, 2017                 By:  /s/ Joshua D. Lichtman
                                              JOSHUA D. LICHTMAN

## PROOF OF SERVICE

I, Rhonda M. Cole, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071.

On May 3, 2017, I electronically filed the attached document(s): **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF RULE 12 MOTIONS** with the Clerk of the court using the CM/ECF system which will then send a notification of such filing and a hyperlink to the documents electronically to each of the parties listed on the Court's service list.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 3, 2017, at Los Angeles, California.

                                            /s/ Rhonda M. Cole
                                               Rhonda M. Cole