|  |  |
|---|---|
| MOHAMMED AZAD, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOKIO MARINE HCC - MEDICAL INSURANCE SERVICES GROUP, et al.,<br><br>    Defendants. | Case No. 17-cv-00618-PJH<br><br>**ORDER DENYING MOTION TO STAY DISCOVERY WITHOUT PREJUDICE AND VACATING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 63 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before the court is defendants' motion to stay discovery pending the resolution of a number of motions to dismiss the complaint. Dkt. 63. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion as premature, without prejudice.

**BACKGROUND**

This putative class action was filed on February 7, 2017 by plaintiffs Mohammed Azad and Danielle Buckley. Dkt. 1 ("Compl."). Plaintiffs make claims against Tokio Marine HCC – Medical Insurance Services Group ("HCC"), a seller of short-term medical insurance, and other entities who allegedly worked with HCC. Also named as defendants are HCC Life Insurance Company ("HCC Life Insurance"), a subsidiary of Tokio Marine Holdings, LLC; Health Insurance Innovation, Inc. ("HII"); and Consumer Benefits of America ("CBA"). Compl. ¶¶ 5–7.

HCC contracted with plaintiffs to provide them short-term medical insurance policies ("STMs"). Compl. ¶¶ 8–9. HCC Life Insurance was the underwriter on the polices. Compl. ¶ 16. HII is allegedly a "close affiliate" of HCC that works with HCC "in the sale, administration, and/or servicing" of the policies. Compl. ¶ 17. CBA provides

discounts and other benefits to its members, and allegedly "works with" the other defendants to provide HCC policies to consumers. Compl. ¶¶ 7, 57.

In brief, plaintiffs allege that HCC falsely represented that their policies provided comprehensive coverage and fair claim processing. In reality, plaintiffs allege that HCC misled policyholders about the scope of the coverage and made it unreasonably difficult to make a claim. Plaintiffs further allege that HCC had a common policy and practice of marketing their polices in a misleading manner, delaying and refusing to pay claims, providing deliberately unhelpful customer service, and generally obstructing policyholders' claims in bad faith.

Much of the complaint is devoted to the experiences of the putative class representatives, who allegedly were told to submit burdensome documentation and had the payment of their claims delayed and denied in bad faith. Compl. ¶¶ 19–38. The complaint then reviews the aspects of HCC's marketing materials, policies, and application forms that plaintiffs allege are misleading. Compl. ¶¶ 39–57. Finally, plaintiffs allege that HCC trains its customer service representatives to obstruct policyholders and give them the "runaround," refusing to help and referring claimants to a "highly confusing" website. Compl. ¶¶ 58–72.

Plaintiffs assert claims for (1) violations of the California Unfair Competition Law (the "UCL"); (2) violations of the California False Advertising Law ("FAL"); (3) breach of contract; (4) breach of the implied duty of good faith and fair dealing; and (5) unjust enrichment. The putative class is all "individuals who have purchased HCC health insurance policies from Defendants in the State of California, and/or all California residents for whom HCC denied their insurance claim, since a date to be ascertained through discovery." Compl. ¶ 82.

On April 13 and 14, 2017, the defendants separately filed motions to dismiss the complaint and/or strike its allegations, which are all noticed for hearing on June 14, 2017. Dkt. 48, 49, 58, 60. Currently, the initial case management conference is scheduled for the following day, June 15, 2017. Dkt. 65.

On April 20, 2017, defendants filed a motion to stay discovery pending resolution of the motions to dismiss. Dkt. 63. This matter is fully briefed and ripe for decision.

**DISCUSSION**

**A.     Legal Standard**

District courts have "broad discretion" to stay discovery pending the disposition of a dispositive motion. See Hall v. Tilton, No. C 07-3233 RMW (PR), 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010). In particular, a district court may "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (quotation omitted).

Since a discovery stay requires a protective order, the moving party must show "good cause." Mlejnecky v. Olympus Imaging Am., Inc., No. 2:10-CV-02630, 2011 WL 489743, at *5 (E.D. Cal. Feb. 7, 2011); Fed. R. Civ. P. 26(c)(1). In general, the party seeking a stay of discovery carries a "heavy burden" to make a "strong showing" why discovery should be denied. Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing Blackenship v. Hearst Corp., 519 F.2d 418, 429 9th Cir. 1975)).

"The Ninth Circuit Court of Appeals has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion." Mlejnecky, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011); see also Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 602 (D. Nev. 2011). In light of this uncertainty, the court in Mlejnecky engaged in a thorough analysis of how district courts in the Ninth Circuit have addressed such motions, distilling the following principles. See Mlejnecky, 2011 WL 489743 at *5–*8.

First, the "Federal Rules of Civil Procedure do not provide for an automatic stay of discovery pending resolution of a motion to dismiss." In re Valence Tech. Sec. Litig., No. C 94-1542-SC, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994). Accordingly, courts generally do not "look favorably" upon requests for a blanket discovery stay merely because a dispositive motion has been filed. Novelposter v. Javitch Canfield Grp., No. 13-CV-05186-WHO, 2014 WL 12618174, at *1 (N.D. Cal. May 23, 2014).

Second, courts in the Northern District of California have applied a two-factor test to evaluate a motion to stay discovery pending resolution of a dispositive motion. "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." Mlejnecky, 2011 WL 489743 at *6. "Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." Id.; accord Hall, 2010 WL 539679 at *2.

If both of the factors are met, the court "may issue a protective order" staying discovery. Smith v. Levine Leichtman Capital Partners, Inc., No. C 10-00010 JSW, 2011 WL 13153189, at *1 (N.D. Cal. Feb. 11, 2011) (citing The Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 220 F.R.D. 349, 352 (N.D. Cal. 2003)). Discovery should proceed if "either prong of the test is not met." Mlejnecky, 2011 WL 489743 at *6.

**B.  Analysis**

Defendants' motion to stay argues that they should not face "costly and burdensome discovery" in light of the pending motions to dismiss, which are potentially "meritorious and case dispositive." The stay would cause no harm to plaintiffs, because it is "limited and brief" and the motions to dismiss will be heard by the court in a few weeks. Defendants thus argue that the two-part test for a stay is met. Plaintiffs respond that defendants have not shown an "immediate and clear possibility" that the dispositive motions will be granted. Mlejnecky, 2011 WL 489743 at *8. Moreover, plaintiffs allege that a stay would prejudice them by delaying resolution of their claims.

The court finds that defendants' motion to stay discovery is premature. It is defendants' "heavy" burden to show "good cause" to justify a stay. Fed. R. Civ. P 23(c)(1); Gray, 133 F.R.D. at 40 (citing Blackenship, 519 F.2d at 429). Plaintiffs have not served any discovery on defendants (to the court's knowledge), and they cannot do so until after the Rule 26(f) conference. See Fed. R. Civ. P. 26(d)(1). The court cannot evaluate the burden and proportionality of the discovery until the requests are actually made. Although defendants are correct that a brief stay would cause no substantial prejudice to plaintiffs, "a mere lack of prejudice is not the same as 'good cause' and falls

4

far short of the 'strong showing' required." Novelposter, 2014 WL 12618174 at *1. The court therefore DENIES defendants' motion to stay discovery because defendants have not met their burden. Of course, this denial is without prejudice to defendants later seeking a stay or protective order should any actual discovery requests be unduly burdensome or disproportionate to the needs of the case at this stage.

However, it is not this court's typical practice to conduct a case management conference (CMC) until the pleadings are settled. Although the parties stipulated to schedule the initial CMC on June 15, 2017, see Dkt. 65, the court finds that conducting a CMC on that date would be inappropriate in light of defendants' pending motions to dismiss. The court therefore VACATES the June 15, 2017 case management conference. The court will reschedule the initial CMC once it has ruled on the pending Rule 12(b) motions. Insofar as the date of the Rule 26(f) conference is based on the date of the initial CMC, no discovery will be permitted, by operation of the Federal Rules of Civil Procedure, until the court has ruled on the motions and rescheduled the initial CMC. See Fed. R. Civ. P. 26(d)(1), (f)(1).

## CONCLUSION

For the foregoing reasons, defendants' motion to stay discovery is DENIED. The case management conference set for June 15, 2017 is VACATED.

**IT IS SO ORDERED.**

Dated: May 26, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge

5